UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL ENGINEERING LIMITED LIABILITY COMPANY, et al.,<br><br>    Defendants. | Case No. 22-cv-02488-TSH<br><br>**ORDER DENYING EX PARTE APPLICATION TO AUTHORIZE SERVICE BY EMAIL AND GRANTING APPLICATION TO EXTEND TIME FOR SERVICE**<br><br>Re: Dkt. No. 13 |

## I.    INTRODUCTION

Plaintiff CNC Software, LLC seeks leave to serve Defendant Robert Avila by email and to extend the time to complete service. ECF No. 13. No opposition has been received. The Court finds this matter suitable for disposition without oral argument under Civil Local Rule 7-1(b). Having considered CNC's position and the relevant legal authority, the Court **DENIES** CNC's motion for service by email and **GRANTS** its request for an extension of time to complete service for the following reasons.

## II.    BACKGROUND

CNC filed this copyright infringement case on April 22, 2022, against Defendants Global Engineering, LLC, Robert Avila (Manager of Global Engineering), and Edwin Escobar (President of Global Engineering). Compl. ¶¶ 2, 4-5, ECF No. 1. Global Engineering is located at 3233 De La Cruz Boulevard, Suite C, Santa Clara, California 95054. *Id.* ¶ 2. According to CNC, Avila is the registered agent for numerous companies, including 5-Stars Engineering Associates, which was dissolved on December 30, 2019. *Id.* ¶ 3. CNC alleges that 5-Star now operates as Global Engineering. *Id.* CNC also alleges that Avila uses 1111 Morse Avenue, Suite 77, Sunnyvale, CA 94089 as an address for service of process. *Id.* ¶¶ 3-4; Trice Decl. ¶ 4, ECF No. 13-1.

1    On May 19 CNC's counsel hired Bayside Process Services, LLC to serve the complaint on
2  Defendants at 3233 De la Cruz Boulevard. Trice Decl. ¶ 3. According to CNC, Bayside's process
3  server, Jose Mendoza, successfully served Global Engineering and Escobar, but Global
4  Engineering's receptionist informed him that Avila was not at this address. *Id.* Mendoza also
5  made "numerous attempts" to serve Avila at 1111 Morse Avenue. *Id.* ¶ 4. However, "although an
6  individual was at the residence, they did not answer the door." *Id.*

7    On June 15 CNC's counsel performed a Lexis and internet search and located an additional
8  office address for Avila: 1650 Zanker Road, Suite 230, San Jose, CA 95112. *Id.* ¶ 5. Although
9  Mendoza made at least 10 attempts to serve Avila at this address at various times of the day, he
10 was unsuccessful and further reports that the office is closed. *Id.* ¶ 6.

11   On July 13 CNC's counsel called Avila at 408-242-7166 and asked for his email address,
12 which is rasolutions@att.net. *Id.* ¶ 7. Avila advised that he was going on vacation and would be
13 unavailable for about a week. *Id.* On July 20 CNC's counsel emailed a copy of the service
14 documents to rasolutions@att.net, and the email did not bounce back as undeliverable. *Id.* ¶ 8.

15   CNC now seeks leave to serve Avila by email "because he is avoiding service." Mot. at 3.
16 CNC also seeks an extension of time to complete service.

### III.  LEGAL STANDARD

18   Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant
19 using any method permitted by the law of the state in which the district court is located or in
20 which service is effected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of
21 service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to
22 someone else at the party's usual residence or place of business with mailing after (known as
23 "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.*
24 § 415.30; (4) service on persons outside the state by certified or registered mail with a return
25 receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50. California
26 Code of Civil Procedure § 413.30 also provides that a court "may direct that summons be served
27 in a manner which is reasonably calculated to give actual notice to the party served." Courts in
28 this district have authorized service by email under California Civil Procedure Code § 413.30.

*See, e.g., Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, 2014 WL 1877547, at *2-3 (N.D. Cal. May 9, 2014); *United Health Services, Inc. v. Meyer*, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012).

## IV.   DISCUSSION

While CNC has offered evidence that is has made numerous attempts to serve Avila with reasonable diligence, the Court finds it has failed to establish good cause to permit service by email at this time. While CNC argues Avila is "purposely evading service of process," it also states that its counsel spoke with Avila on July 13, at which time Avila apparently provided his email address. Trice Decl. ¶ 7. This shows that CNC has been able to communicate with Avila on at least one occasion, yet there is no indication it attempted to confirm his address for service or determine if he would waive service. *Compare Steve McCurry Studios, LLC*, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (finding good cause to permit service by email because plaintiff's counsel emailed the defendant, asking for an updated address as well as a convenient time and place for the process server to meet him for the service of the subpoenas, but no response had been received). Further, when he spoke with CNC's counsel, Avila stated he would be on vacation for one week, yet CNC chose to file the present motion during that time. It is unclear why CNC did not attempt to confirm Avila's service address and seek leave to extend the deadline to serve him at that address after he returned. Finally, while CNC states it successfully served Global Engineering and Escobar, the Clerk of Court recently declined to enter default against those defendants because (1) the agent on the proof of service does not match the agent of service listed on the California Secretary of State website and (2) the proofs of service include two different dates service was completed. *See* ECF Nos. 14-15. As it is unclear if any of the named defendants have been properly served, there appears to be no urgency that requires service by email. Accordingly, the Court finds good cause does not exist to permit service by email.

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** CNC's motion for service by email. However, the Court **GRANTS** its request for an extension of time to complete service and

3

**EXTENDS** the deadline to September 9, 2022. Given this extension, the Court **CONTINUES** the case management conference, currently scheduled for August 4, to October 27, 2022 at 10:00 a.m. by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. The parties shall file a joint case management statement by October 20, 2022.

    **IT IS SO ORDERED.**

Dated: August 2, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge