UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CNC SOFTWARE, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GLOBAL ENGINEERING LIMITED LIABILITY COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-02488-EMC  (EMC)<br><br>**ORDER REGARDING PLAINTIFF'S PROPOSED ORDER TO USMS**<br><br>Docket Nos. 42, 46 |

Plaintiff CNC Software, LLC ("CNC") brought this action against Defendants Global Engineering LLC ("Global") and its president, Edwin Escobar for copyright infringement pursuant to the Copyright Act 17 U.S.C. § 101 et seq., and for breach of contract. Docket No. 1 (Complaint). At issue was whether Defendants illegally pirated CNC's Mastercam® software. *Id.* The software is a suite of Computer Aided Design/Manufacturing software applications including a product used in industries including aerospace, medicine, and transportation. *Id.* ¶ 26. Mastercam is protected by at least thirteen copyrights owned by CNC. *Id.* ¶¶ 12–24.

In July 2023 this Court adopted in part Magistrate Judge Hixson's report and recommendation and granted Plaintiff's motion for default judgment. Docket No. 38. Defendants neither opposed the action nor appeared. *Id.* at 1. The Court held at that time that CNC satisfied the elements of digital copyright infringement under the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). In that order, the Court awarded CNC actual damages of $870,000; a permanent injunction; an order directing Defendants to destroy any infringing software from their computers; attorney's fees of $19,671.20; costs of $400; and any interest that accrues from the date of the default judgment. Docket No. 38 at 19.

//

1    Plaintiff now proposes an order to be entered by this Court, ordering the U.S. Marshals
2    Service to: (1) impound Defendants' computers, servers, removable and/or external hard drives,
3    compact discs, USB storage flash-drives/devices, and/or other portable storage devices; (2)
4    conduct a limited search of Defendants' business records for purchases, shipments, and/or
5    software downloads of CNC's software products, or pirated versions thereof; and (3) seize
6    username and password information to access the Defendants' computers, storage devices, Google
7    drives, Dropbox accounts, or any other cloud-based storage devices where CNC's software
8    products may be installed.  *See* Docket No. 42-1 at 2-3

9    As a general matter, there appears to be a basis to enter the proposed order pursuant to 17
10   U.S.C. § 503; *accord Sony Copr. Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984)
11   (recognizing that 17 U.S.C. § 503 allows for the "impoundment and destruction of all
12   reproductions of his work made in violation of his rights," and that the Copyright Act provides "a
13   potent arsenal of remedies against an infringer of his work").  *See also CNC Software, LLC v.*
14   *Aerospares Fabrication, LLC*, 2023 WL 2347443, at *8 (C.D. Cal. Jan. 11, 2023) (issuing order
15   to seize and destroy infringing materials from defendant in that action based on plaintiff's
16   assertion defendants may still be using copyrighted material).

17   However, the subject and the scope of the proposed order are problematic.  To comply
18   with the requirements of the Fourth Amendment, a writ of seizure should specify with particularity
19   the premises to be searched and the articles to be seized.  *Religious Tech. Ctr. v. Netcom On-Line*
20   *Commc'n Servs., Inc.*, 923 F. Supp. 1231, 1263 (N.D. Cal. 1995).  The scope of the search must
21   thus be limited by "the object of the search and the places in which there has been a showing that
22   the object is likely to be found." *Id.* (citing *Maryland v. Garrison,* 480 U.S. 79, 84, 107 S.Ct.
23   1013, 1016, 94 L.Ed.2d 72 (1987)).  Further, the order should "enable the executing officer to
24   ascertain and identify with reasonable certainty those items that the [court] has authorized him to
25   seize." *Id.* (citing *Time Warner Entertainment Co. v. Does,* 876 F.Supp. 407, 413 (E.D.N.Y.1994)
26   (citing *United States v. George,* 975 F.2d 72, 75 (2d Cir.1992))).

27   Plaintiff asks that Defendants' usernames and password information be seized to access
28   "Defendants' computers, storage devices, Google drives, Dropbox accounts, or any other cloud-

based storage devices where CNC's software products may be installed." *See* Docket No. 38 at 2. It is one thing to impound a physical item (e.g., the company's computers and hard drives), but another to grant entry into a company's entire cloud-based storage platform or computer. The intrusion is more severe. Plaintiff should submit authority to support the seizing of passwords and should demonstrate why it believes that the copyrighted software is stored on the cloud-based systems (as opposed to e.g., simply being downloaded on the local computers of the company). This is necessary to ensure the search and seizure is sufficiently limited to target infringing materials and to ensure the object of the search is likely to be found in the places to be searched. *See Religious Tech. Ctr.*, 923 F. Supp. at 1263.

Additionally, the request is deficient because it does not state with specificity how the Marshal is to conduct the search of Defendants' business records. Namely the proposed order states that the U.S. Marshals should "conduct a limited search of Defendants' business records for purchases, shipments, and/or software downloads of CNC's software products." Docket No. 42-1 at 2. It is not clear what "business records" are subject to the search or how the "limited search" is to proceed.

Accordingly, the Court **DENIES** Plaintiff's proposed order, without prejudice to Plaintiff filing a modified proposed order specifying the method of searching Defendant's business records and submitting an additional filing supporting the seizure of passwords. The proposed order should set forth clear protocols for the U.S. Marshals to follow in carrying out the order.

**IT IS SO ORDERED**.

Dated: February 2, 2024

_____
EDWARD M. CHEN
United States District Judge